UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:17-cv-01356-BJD-JRK

VICTOR MARQUEZ,

    Plaintiff,

v.

A-ONE CONCRETE SERVICES, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## PLAINTIFF'S AMENDED MOTION REQUESTING APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff VICTOR MARQUEZ ("Plaintiff") by and through his respective undersigned counsel, hereby files this Amended Motion Requesting Approval of Settlement Agreement Order, and in support thereof states the following in support:

**I.     STATEMENT OF FACTS**

1. In May 2017, Plaintiff's counsel prepared a Demand Letter ("Letter") to Defendant on Plaintiff's behalf, asserting violations of the Fair Labor Standards Act ("FLSA").

2. On December 6, 2017, Plaintiff, through counsel, filed his Complaint, asserting violations of the FLSA. *See,* ECF No. 1.

3. On December 20, 2017, Plaintiff and Defendant, without counsel, entered into a Mutual Release and Settlement Agreement ("Settlement Agreement"). *See* Exhibit "A." Pursuant to the Settlement Agreement, Plaintiff received $1,500.00 in exchange for the dismissal of the instant lawsuit with prejudice.

4. Thereafter, Plaintiff filed a Motion to Approve Settlement Agreement, To Enter Judgment in Favor of Plaintiff, and for Leave to File Motion for Attorneys' Fees and Costs as Prevailing Party. *See* ECF No. 8. Defendant filed its Response (ECF No. 9) and the Court set a hearing for February 21, 2018. *See* ECF No. 12.

5. On February 16, 2018, the parties filed their Joint Notice of Settlement. *See* ECF No 16.

6. Pursuant to this Court's Order, dated April 6, 2018, Plaintiff files this Motion to Approve Settlement Agreement. *See* ECF No. 16.

7. In accordance with the applicable requirements for settling an FLSA claim, Court approval of the settlement is requested. Pursuant the agreement of the parties during the February 21, 2018, hearing, the parties further stipulate to the dismissal of the instant action in its entirety, with prejudice, after the Court has reviewed and approved the settlement agreement.

## II.   ARGUMENT

Pursuant to the Fair Labor Standards Act ("FLSA"), claims for overtime and minimum wage compensation arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that the

compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*

The parties dispute whether any liability exists in the instant action, but have agreed to settle all of the claims in this dispute. Plaintiff and Defendant entered into a Mutual Release and Settlement Agreement ("Settlement Agreement"). *See* ECF No. 8-1. Pursuant to the Settlement Agreement, Plaintiff received $1,500.00 in exchange for the dismissal of the instant lawsuit with prejudice. Plaintiff is the master of his claim and elected to settle. In addition, Plaintiff's counsel is receiving $2,000.00 in attorneys' fees and costs, which is a reasonable and satisfactory amount of attorneys' fees and costs.

With regard to the "Confidentiality Clause" in Paragraph 15 of the Settlement Agreement, during the February 21, 2018, the parties have agreed to have the provision stricken from the agreement.

The instant request for approval and striking of the "confidentiality Clause" was agreed to during the February 21, 2018, hearing. The instant motion is not filed jointly as Defendant's Counsel did not respond to Plaintiff's conferral on April 19, 2018, during which Plaintiff requested approval of the instant motion. Therefore, the instant motion is filed on behalf of Plaintiff, but the agreement was made between the parties on the record on February 21, 2018.

Thus, it is respectfully request that the Court issue an order striking the "Confidentiality Clause" in Paragraph 15 and approving the settlement, and dismissing this action with prejudice.

## CERTIFICATE OF CONFERRAL

Pursuant to Rule 3.01(g) of the Local Rules of the United States District Court, Middle District of Florida, the undersigned counsel has conferred with Defendant's Counsel, who has no opposition to the relief sought in this motion.

DATED this 27th day of April 2018.

        Respectfully submitted,

        Noah E. Storch, Esquire
        E-Mail:   NOAH@floridaovertimelawyer.com
        Richard Celler Legal, P.A.
        7450 Griffin Road, Suite 230
        Davie, FL  33314
        Telephone:     (866) 344-9243
        Facsimile:      (954) 337-2771
        Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a copy of same to all counsel of record.

        */s/ Noah E. Storch*____
        Noah E. Storch, Esq.